



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

***CIVIL DIVISION***

JOHN T. MCGUIGAN,

Plaintiff,

vs.

HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES,

Defendant.

_______________________________/

CASE NO. **15 5190**

# COMPLAINT

Plaintiff, JOHN T. MCGUIGAN, by and through undersigned counsel, sues Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and alleges the following:

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C §1692 et seq. ("FDCPA").

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, JOHN T. MCGUIGAN ("MCGUIGAN" or "Plaintiff"), is an adult individual residing in Brooklyn, New York.

2. MCGUIGAN is a *"consumer"* as defined under *15 U.S.C §1692 (a)(3).*

3. Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, LLC ("ARS" or "Defendant") is a Florida registered limited liability company with its principal place of business at 1643 N. Harrison Parkway, Building

H, Suite 100, Sunrise, Florida 33323. The principle purpose of Defendant is the collection of debts using the mails and telephone, including its dealings with Plaintiff in Chester County, Pennsylvania.

4. ARS is a "debt collector" as defined under *15 U.S.C §1692(a)(6).*

5. Jurisdiction for purposes of this action arises under 15 *U.S.C §1692k(d) and 28 U.S.C §1331.*

6. Venue lies in this district pursuant to 28 U.S.C §1391(b)(2).

**GENERAL ALLEGATIONS**

7. At all pertinent times hereto, Defendant was hired to collect a debt relating to an account owned by an alleged third party creditor.

8. The alleged debt at issue arose out of a transaction, which was primarily for personal, family or household purposes as defined under *15 U.S.C 1692a(5)* (hereinafter the "debt").

9. On or after September 6, 2014, and through the end July 2015, Defendant caused the telephone number ending in 7581 to ring repeatedly and continuously with the intent to annoy, abuse and harass the residents. The telephone number belongs to Plaintiff's mother and is a landline in Exton, Pennsylvania.

10. Defendant's telephone calls ended with the Defendant leaving prerecorded messages on the voicemail answering machine, stating the caller as ARS and that they were attempting to collect on a delinquent debt and to contact them back immediately (hereinafter the "Voicemails").

11. The Voicemails failed to disclose to whom the calls were directed, deceiving the residents into believing they themselves were delinquent on a debt.

12. Plaintiff's brother (hereinafter the "Brother"), who resides at the residence and believing the Voicemails were directed towards him, contacted the number left by ARS.


**MILL STONE LEGAL GROUP, LLC**
2110 NW 110TH Lane, Coral Springs, FL 33071

13. When the Brother contacted ARS and explained that he was getting telephone calls claiming he was delinquent on a debt, the ARS representative said **"John McGuigan?"** indicating to the Brother that the Voicemails were directed to Plaintiff and not himself.

14. The Brother contacted Plaintiff regarding the debt and a heated verbal argument ensued, causing the Plaintiff embarrassment, extreme emotional distress and severe anxiety.

15. Plaintiff did not give his prior consent to ARS to communicate, in connection with the collection of any debt, with any third parties, including the Brother.

16. Furthermore, ARS failed to provide Plaintiff with a written notice as required by 15 U.S.C §1692g and Plaintiff is still unaware as to the amount of the alleged debt or the name of the alleged original creditor.

17. As of result of ARS's actions, the Plaintiff suffered actual damages in the form of extreme anxiety and embarrassment, restless and sleepless nights, familial strife and unwarranted stress.

18. Plaintiff has also incurred reasonable attorney's fees in pursuit of this enforcement action, and will seek the recovery of same against Defendant, as allowed under *15 U.S.C §1692k(a)(3).*

**COUNT I**
**VIOLATION OF THE FDCPA**

19. MCGUIGAN re-alleges and re-avers paragraphs 1 through 18 above, as if fully set forth herein and further states as follows:

20. ARS is subject to and has violated the provisions of *15 U.S.C §1692,* including but not limited to the following:

*a.)* *1692e (10)* Using deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

*b.)* *1692c(b)* Without the prior consent of the consumer given directly to the debt collector , the debt collector communicated in connection with the collection of a debt, with third persons other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector;

c.) *1692d(5)* Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

d.) *1692g(a)* failing to provide within five days after the initial communication with a consumer in connection with the collection of any debt, a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a direct and proximate result of ARS's actions, the Plaintiff has suffered actual damages, costs and attorney fees and is entitled to statutory damages, pursuant to *15 U.S.C 1692k.*

**WHEREFORE**, Plaintiff, MCGUIGAN, demands a judgment against ARS for statutory damages, actual damages, costs, interest and attorney fees and any other relief this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this **11th** day of September, 2015.

By: ______________________
Matthew R. McGuigan
PA. Id.: 209964
**MILL STONE LEGAL GROUP, LLC**
*Attorney for Plaintiff*
2110 NW 110th Lane
Coral Springs, FL 33071
Tel: (215) 620-5314

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-CV-5190

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

JHS

**I. (a) PLAINTIFFS**
JOHN T. MCGUIGAN

(b) County of Residence of First Listed Plaintiff KINGS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Mill Stone Legal Group, LLC
2110 NW 110th Lane
Coral Springs, FL 33071

**DEFENDANTS** 15 5190
HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES

County of Residence of First Listed Defendant BROWARD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 U.S.C §1692 et seq (Fair Debt Collection Practices Act)

Brief description of cause:
Violation of the Fair Debt Collection Practices Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE ____________ DOCKET NUMBER ____________

J.T.

DATE
09/10/2015

SIGNATURE OF ATTORNEY OF RECORD

SEP 17 2015

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

JHS UNITED STATES DISTRICT COURT 15 5190

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1214 Pitkin Avenue, BROOKLYN, NY 11233

Address of Defendant: 1643 N. Harrison Parkway, Building H, Suite 100, Sunrise, FL 33323

Place of Accident, Incident or Transaction: Chester County Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY*:
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 15 U.S.C §1692 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Matthew R. McGuigan, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 9/11/2015 [signature] Attorney-at-Law 209964 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 9/11/2015 [signature] Attorney-at-Law 209964 Attorney I.D.#

CIV. 609 (5/2012)

SEP 17 2015



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

JOHN T. McGuigan : CIVIL ACTION

v.

Healthcare Revenue Recovery Group: LLC d/b/a ARS Account Resolution Services

NO. 15 5190

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 9/11/2015 | Matthew R. McGuigan | Plaintiff - John T. McGuigan |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 620-5314 | (215) 475-4764 | mmcg16@yahoo.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

SEP 17 2015